UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUERRERO,<br><br>   Petitioner,<br><br>  v.<br><br>PEOPLE OF CALIFORNIA,<br><br>   Respondent. | Case No. 22-cv-06088 BLF (PR)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br><br>(Docket No. 11) |

  Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Dkt. No. 1. On March 28, 2023, the Court set a briefing schedule on the cognizable claims, directing Respondent to file an answer or dispositive motion within sixty days of the order. Dkt. No. 10. Respondent's answer is currently due no later than May 29, 2023. *Id.* Petitioner recently filed a notice of change of address, which includes a request for appointment of counsel. Dkt. No. 11.

  The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Id.*; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.),

cert. denied, 469 U.S. 838 (1984).  Here, an evidentiary hearing does not appear to be necessary at this stage of the proceedings, and Petitioner's circumstances are not so exceptional to warrant appointment of counsel.  Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice to the Court's *sua sponte* reconsideration should an evidentiary hearing be necessary to review the merits of Petitioner's claims.

**IT IS SO ORDERED.**

Dated:   ___April 14, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Request for Appt. of Counsel
P:\PRO-SE\BLF\HC.22\06088Guerrero_deny.atty.docx