UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUERRERO,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF CALIFORNIA,<br><br>Respondent. | Case No. 22-cv-06088 BLF (PR)<br><br>**ORDER DENYING MOTION TO DISMISS; GRANTING REQUEST FOR STAY; ADMINISTRATIVELY CLOSING CASE**<br><br>(Docket No. 13) |

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state sentence out of Santa Clara County. Dkt. No. 1. The Court found the petition stated cognizable claims and ordered Respondent to show cause why the writ should not be granted. Dkt. No. 10.

Respondent filed a motion to dismiss based on *Younger*[1] abstention. Dkt. No. 13. Petitioner filed an opposition, Dkt. No. 14, and Respondent filed a reply, Dkt. No. 15.

### I. BACKGROUND

Petitioner was found guilty by a jury in Santa Clara County Superior Court of first

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

1   degree murder (Cal. Pen. Code § 187) and active participation in a criminal street gang
2   (Cal. Pen. Code § 186.22(a)).  Dkt. No. 1 at 1; Dkt. No. 13 at 2, citing *People v. Guerrero*,
3   2021 WL 3673855, at *1 (Cal. Ct. App. 2021) (Case No. 215585).  The jury also found
4   true allegations that Petitioner and his brother committed the murder for the benefit of a
5   criminal street gang, and that a principal personally and intentionally discharged a firearm
6   and proximately caused death (Cal. Pen. Code § 12022.53(d) & (e)(1)).  *Id.*  Petitioner and
7   his brother were each sentenced on March 23, 2018, to 53 years to life in state prison.  *Id.*

8        On direct appeal, the California Court of Appeal ordered that the three-year terms
9   imposed on count 2 be stayed, but otherwise affirmed the judgments.  *People v. Guerrero*,
10  2021 WL 3673855, at *1.  On November 17, 2021, the California Supreme Court denied
11  petitions for review.  Ex. 1[2], Dkt. No. 13 at 8.

12       On January 1, 2022, amendments to California Penal Code sections 186.22(b) (gang
13  enhancement statute) and 1170 (determinate sentencing statute) became effective.  Dkt.
14  No. 13 at 2, citing Assembly Bill No. 333 (AB 333), 2021-2022 Reg. Sess., Stats. 2021,
15  ch. 699; Senate Bill No. 567 (SB 567), 2021-2022 Reg. Sess., Stats. 2021, ch. 731.

16       On January 13, 2022, Petitioner filed a counseled petition for writ of habeas corpus
17  in superior court,[3] alleging that he is entitled to relief under AB 333 and SB 567 because
18  his judgment was not final, as the time for filing a petition for writ of certiorari had not yet
19  expired.[4]  Ex. 2 at 10, Dkt. No. 13 at 19.  On March 9, 2022, the superior court requested
20  an informal response from the District Attorney's Office.  Ex. 3, Dkt. No. 13 at 147.

---

[2] All references to exhibits are to the exhibits filed with Respondent's motion to dismiss, unless otherwise indicated.  Dkt. No. 13.

[3] Respondent concedes that because Petitioner filed his state habeas petition before his state judgment became final, the statute of limitations for filing his federal habeas petition has not yet begun to run.  Dkt. No. 13 at 2, fn. 3, citing 28 U.S.C. § 2244(d)(2).

[4] Per Respondent, a judgment becomes final 90 days after the denial of a petition for review when the time to file a petition for writ of certiorari has expired.  Dkt. No. 13 at 2, fn. 4, citing *Jimemez v. Quarterman*, 555 U.S. 113, 119 (2009).  In this case, the 90 days would have expired on February 15, 2022, about a month after Petitioner filed his state habeas petition.  *Id.*  Additionally, the superior court did not issue an abstract of judgment reflecting the court of appeal's modification to the sentence until February 14, 2022, which was also about a month after the filing of Petitioner's state habeas petition.  *Id.*, Ex. 6.

On October 6, 2022,[5] Petitioner filed the instant habeas action in *pro se*. Dkt. No. 1. On March 28, 20223, the Court issued an Order to Show Cause, finding the petition raised six cognizable claims. Dkt. No. 10 at 2.

On April 14, 2023, the District Attorney's Office moved for a stay in the superior court habeas case until the California Supreme Court resolved conflicting appellate decisions on AB 333. Ex. 4. On April 17, 2023, the state court granted the stay. Ex. 5.

## II. DISCUSSION

### A. Motion to Dismiss

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

The state proceedings must be pending, not merely available, and plaintiffs must be seeking relief that would interfere in some manner with the state court litigation. *See Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975); *Dubinka v. Judges of the Superior Court*, 23

---

[5] For purposes of this motion and under the mailbox rule, Respondent assumes that Petitioner delivered his petition to prison officials on the same date he signed it. Dkt. No. 13 at 3, fn. 5, citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).

F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). In order to avoid *Younger*, the federal plaintiffs must show that they are procedurally barred from raising the federal claims in the state action. *See Gilbertson v. Albright*, 381 F.3d 965, 979-80 (9th Cir. 2004) (en banc) (citing *Moore v. Sims*, 442 U.S. 415 (1979)); *see also Lebbos v. Judges of Superior Court*, 883 F.2d 810, 815 (9th Cir. 1989).

Respondent asserts that *Younger* abstention applies to this case. Dkt. No. 13 at 4. The judgment Petitioner challenges is final insofar as direct review is complete and the superior court has issued an amended abstract of judgment. *Id.* However, Respondent asserts that Petitioner filed his currently stayed state habeas petition challenging the same judgment before it was final, specifically so that he could take advantage of recently enacted statutes. *Id.*, Ex. 2 at 10, 18, 22, 43-44 (citing *In re Estrada*, 63 Cal.2d 740, 745 (1965), which holds that in the absence of express legislative intent to the contrary, a new ameliorative statute applies to cases that are not yet final at the time of its enactment). Respondent asserts that since there is an ongoing state proceeding in state court challenging the same judgment petitioner challenges in the present federal petition, the first *Younger* requirement is satisfied. *Id.*

Respondent also asserts that with respect to the second *Younger* element, Petitioner's state proceeding implicates important state interests, i.e., whether and how to apply its ameliorative statutes to Petitioner's case. Dkt. No. 13 at 4. Respondent asserts that application of these newly-enacted statutes in Petitioner's case will potentially result in a new judgment, and that state criminal proceedings clearly implicate important state interests. *Id.* With regard to the third element, Respondent asserts that Petitioner will have an adequate opportunity to raise any constitutional claims in the California Court of Appeal and the California Supreme Court after the superior court rules on his habeas petition, and that the state courts have primary responsibility to protect constitutional rights on his habeas petition. *Id.* at 5. Fourthly, Respondent asserts that the requested relief has the practical effect of enjoining the state proceeding. *Id.* Petitioner seeks to overturn his state judgment in the present federal petition, which would necessarily interfere with the

state court's decision of whether to apply the ameliorative statutes to his judgment. *Id.* Lastly, Respondent asserts that there is no bad faith, harassment, or "extraordinary circumstance" to render *Younger* abstention inappropriate. *Id.*

In opposition, Petitioner asserts that he has satisfied the exhaustion requirement by raising his claims throughout the entire direct appellate process of the state. Dkt. No. 14 at 1. Petitioner asserts that the ongoing state proceedings only addresses the "enhancements" and will not decide the merits of his constitutional challenges nor will result in the overturning of his murder conviction and related 25 years to life sentence. *Id.* at 2-3. Petitioner also asserts that granting the dismissal will result in further delay to obtaining relief. *Id.* at 3. Furthermore, Petitioner asserts that if this matter were dismissed, he runs the risk of having a subsequent habeas action challenged as "second or successive." *Id.* Lastly, he asserts that he may run afoul of AEDPA's statute of limitations. *Id.* at 4. Petitioner requests the Court stay and abey this matter rather than outright dismissal. *Id.*

In reply, Respondent asserts that while Petitioner's state petition may not concern the same constitutional claims as in this action, his state petition does assert constitutional claims relating to the same conviction and enhancement which Petitioner challenges herein, i.e., the gang conviction and gang enhancement. Dkt. No. 15 at 2. Therefore, Respondent asserts, if this federal action were to proceed, it would have the practical effect of enjoining the ongoing state action. *Id.* Respondent also asserts that dismissal rather than a stay is required if the *Younger* factors are met, and distinguishes this matter from *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir. 2023), wherein a stay was granted based on the specific facts before the court. *Id.* As for timeliness concerns, Respondent points out that Petitioner's timely filed state habeas petitions qualify for statutory tolling so long as he does not unreasonably delay between filings. *Id.* at 3.

After reviewing the papers, the Court finds that a stay is appropriate under *Duke* rather than outright dismissal because not all the *Younger* elements are present. As to the first *Younger* element, there is no dispute that there is an ongoing state proceeding in state court challenging the same judgment Petitioner challenges in this action. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions,"

5

such as a pending decision in the state high court regarding a change in law, is an important issue of state interest.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973) (quoting *Younger*, 401 U.S. at 44).  Furthermore, the Court agrees that the state has an important interest in how its ameliorative statutes apply to Petitioner's case, and other similarly situated state prisoners.

However, it is the third prong of *Younger* that is at issue.  In *Duke*, the Ninth Circuit found that all the factors for *Younger* abstention were not satisfied because the third part of the test was not met, *i.e.*, the state proceedings afforded the litigant adequate opportunity to raise the constitutional issues.  *Duke*, 64 F.4th at 1094.  In that matter, the State conceded that the pending resentencing proceedings would not address the prisoner's federal constitutional claims.  Here, Petitioner raises claims which are also at issue in the pending state proceedings on the applicability of AB 333: he challenges the gang enhancement charge, including the jury instructions for "association with any criminal street gang" and the admission of cumulative and prejudicial gang evidence.  *See* Dkt. No. 10 at 2; Dkt. No. 13 at 31, 46, 48.  However, he also raises claims which are not the subject of the pending state proceedings because they challenge the constitutionality of the first-degree murder charge based on the denial of his right to confrontation, ineffective assistance of counsel, and deficient jury instructions.  *Id.* at 2.  In this regard, Respondent concedes that the pending resentencing proceedings would not address those claims but argues that Petitioner would nevertheless have an opportunity to raise them in the state appellate and high courts after the state superior court rules on his habeas petition.  But Respondent ignores the fact that Petitioner appears to have already exhausted those claims on direct appeal, and therefore this third factor does not necessarily weigh in favor of abstention.

Lastly, a stay would avoid interfering with the state court's decision regarding the application of the ameliorative statutes to Petitioner's judgment, which is the fourth factor to consider for abstention.  *See supra* at 3.  In applying *Younger*, the Ninth Circuit has held that abstention is only appropriate where the federal court action would have the same practical effect on the state proceeding as a formal injunction.  *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004).  Here, a stay of this action pending the conclusion of

Petitioner's state habeas action would avoid interfering with the state proceedings in a way that *Younger* disapproves. *See City of San Jose*, 546 F.3d at 1092. Furthermore, a stay would avoid the risks that Petitioner raises regarding timeliness and potential second and successive petition bar. Thus, *Younger* abstention is not applicable here. Accordingly, the motion to dismiss shall be denied, Dkt. No. 13, and the matter shall be stayed pending resolution of Petitioner's state court proceedings.

## II.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the petition under *Younger* is **DENIED**. Dkt. No. 13.

2. Petitioner's request for a stay is **GRANTED**. This action is hereby **STAYED** pursuant to *Duke,* 64 F.4th 1088.

3. If Petitioner intends to have this Court consider the claims in this matter, he must notify the Court **within twenty-eight (28) days after** state court proceedings related to his counseled habeas petition in the state superior court have concluded, including any subsequent habeas petitions filed in the state appellate and high courts. His notice shall include a motion to reopen this action based on the conclusion of state court proceedings, including the dates of the relevant decisions.

If Petitioner wishes to include any newly exhausted claims from the counseled petition, he must also include a motion to amend and the proposed amended petition that includes all exhausted claims, i.e., the original claims and the newly exhausted ones. On the other hand, if Petitioner received some relief with respect to the gang enhancement such that those related claims are moot, he may move to strike those claims from this action.

4. The Clerk shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this action. This has no legal affect; it is purely a statistical procedure. When Petitioner files his motion to reopen this matter, the case will be administratively re-opened.

7

This order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated:   October 23, 2023

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion to Dismiss; Staying Case
P:\PRO-SE\BLF\HC.22\06088Guerrero_deny-MTD;stay