UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUERRERO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.  22-cv-06088 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR STAY; TERMINATING OTHER MOTION AS MOOT; INSTRUCTIONS TO CLERK; ADMINISTRATIVELY CLOSING CASE**<br><br>(Docket Nos. 20, 24) |

　　　　Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state sentence out of Santa Clara County. Dkt. No. 1. The Court denied Respondent's motion to dismiss and granted Petitioner a stay pending resolution of his state court proceedings. Dkt. No. 16. On May 15, 2025, the Court granted Petitioner's motion to reopen the matter and directed Petitioner to file an amended petition and motion for stay. Dkt. No. 18.

　　　　Petitioner filed an amended petition and a motion for a stay under *Rhines*. Dkt. Nos. 23, 24. Respondent filed a statement of non-opposition to Plaintiff's motion. Dkt. No. 26.

///

///

# I. DISCUSSION

**A.  <u>Motion for Stay</u>**

In his amended petition, Petitioner raises four new unexhausted claims under claims 6-9.  Dkt. No. 23 at 9.  Claims 6, 8, and 9 allege ineffective assistance of trial counsel based on the following: failing to move to exclude codefendant's hearsay statement; failing to investigate and prepare for trial, especially with respect to cell phone evidence; and refusing Petitioner's request to argue for retrial based on AB 333.  *Id.* at 7-8.  Claim 7 alleges prosecutorial misconduct for knowingly introducing false cell phone evidence and relying on that evidence in presenting its theory of the case to the jury.  *Id.* at 7.  Petitioner explains his failure to raise claim 6 (regarding hearsay) in an appeal and asserts that it has merit.  Dkt. No. 24 at 1-2.

District courts have the authority to issue stays and AEDPA does not deprive them of that authority.  *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).  However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  *Id.* at 277.  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  *Id.*

Respondent concedes that Petitioner has shown good cause and has not engaged in abusive litigation tactics.  Dkt. No. 26 at 4.  However, Respondent contends that Petitioner makes no reasoned argument that his claim is potentially meritorious.  *Id.*  Nonetheless, Respondent does not oppose a *Rhines* stay under these circumstances but asserts that an indefinite stay is inappropriate.  *Id.*

The Court finds that Petitioner has not engaged in dilatory tactics, there was good cause for his failure to exhaust the claims in state court, and the unexhausted claims above are potentially meritorious.  Accordingly, the Court will grant Petitioner's motion to stay this action while he exhausts his new claims in the state courts and to return to this Court

in the time provided below.

## II.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for a *Rhines* stay is **GRANTED**.  Dkt. No. 24.  The above-titled action is hereby **STAYED** until **twenty-eight (28) days** after the state high court's final decision on Petitioner's unexhausted claims.

2. If Petitioner intends to have this Court consider the unexhausted claims, he must have properly presented them to the California Supreme Court, and if he has not obtained relief in state court, thereafter notify the Court **within twenty-eight (28) days** of the California Supreme Court's decision, by filing a motion to reopen this action and stating therein that all the claims in the instant federal petition have been exhausted.  If he has not already done so, Petitioner must file a state habeas petition **within thirty (30) days** from the date this order is filed and file notice with this Court that he has done so.

3. The Clerk shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this action.  This has no legal effect; it is purely a statistical procedure.  When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

4. The Clerk shall terminate the motion for leave to proceed *in forma pauperis* under Docket No. 20 as moot, since Petitioner has paid the filing fee.  *See* Dkt. No. 6.

This order terminates Docket Nos. 20 and 24.

**IT IS SO ORDERED.**

Dated: _____August 7, 2025_____

_____
BETH LABSON FREEMAN
United States District Judge

Order Granting Motion for Stay; Term other mot
P:\PRO-SE\BLF\HC.22\06088Guerrero_grant-stay